**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12012

Non-Argument Calendar

_____

CHRIS DWAYNE WILLIAMS,

*Plaintiff-Appellant,*

*versus*

EASTERLING CF WARDEN,

HOLTZSHAW,

   Sgt,

JACKSON,

   Officer,

CAPT. HUTTON,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:22-cv-01234-AMM-HNJ

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Chris Dwayne Williams, a state prisoner appealing pro se, appeals from the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint against four employees of the Alabama Department of Corrections ("ADOC").  We affirm.

## I.    PROCEDURAL BACKGROUND

On February 13, 2023, Williams filed an amended complaint, naming four defendants, all employees of the ADOC alleging violations of his rights under § 1983.  He alleged that the defendants failed to protect him from sexual assaults and beatings from other inmates while he was incarcerated at Bibb County Correctional Facility ("Bibb").  He also alleged that staff placed him in a 72-hour holding cell for 62 days and attempted to poison his food. Williams sought monetary damages.

On March 5, 2025, the magistrate judge recommended that the district court dismiss Williams's complaint without prejudice because Williams did not allege sufficient facts to state a claim.  On June 3, 2025, the district court adopted and accepted the magistrate judge's report and recommendation, noting that no objections had been filed.  The district court then dismissed the case for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  This appeal followed.

## II.    STANDARD OF REVIEW

We review de novo a district court's *sua sponte* dismissal of a complaint for failure to state a claim under 28 U.S.C.

§ 1915A(b)(1).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).

Section 1915A of the Prison Litigation Reform Act provides that a district "court shall review, before docketing . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Upon review, the court is to identify cognizable claims or dismiss the complaint or portions thereof that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  If an appellant fails to properly challenge on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge to that ground, and it follows that the judgment is due to be affirmed.  *Id.*

An issue is also considered abandoned when "a party seeking to raise a claim or issue on appeal [fails to] plainly and prominently so indicate."  *Brown v. United States*, 720 F.3d 1316, 1332 (11th Cir. 2013) (citation modified).  "[T]he party must clearly and

unambiguously demarcate the specific claim and devote a discrete section of his argument to it, so the court may properly consider it." *Id.* (citation omitted).  An appellant abandons a claim when (1) he makes only passing references to it; (2) he raises it in a perfunctory manner without supporting arguments and authority; (3) he refers to it only in the "statement of the case" or "summary of the argument" sections; or (4) he merely references the issue in the background of his main arguments.  *Sapuppo*, 739 F.3d at 681–83.  An argument is also waived when a party "incorporates by reference" arguments it made to the district court.  *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004).

Additionally, to appeal a magistrate judge's findings in a report and recommendation, the party must object to those findings.  11th Cir. R. 3-1.  A party that fails to do so "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." *Id.*  When a party waives the right to appeal on these grounds, we "may review . . . for plain error if necessary in the interests of justice." *Id.*

## III.    ANALYSIS

We construe *pro se* pleadings liberally "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).  But "we cannot

act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981F.3d 903, 911 (11th Cir. 2020).

Here, we conclude that Williams has abandoned all claims he made to the district court because his brief lacks specific arguments or citations to legal authority.   In his brief, Williams states only that his personal information and property has been stolen by other inmates and that he was "placed . . . in lock-up with enemies." (Blue Brief at 3, 4).  He does not assert a specific violation of his rights or cite legal authority to support the monetary relief he seeks.  (*Id.* at 4).  Because his brief lacks specific arguments or citations to authority, he has abandoned any actionable claims he may have had on appeal.  *See Sapuppo*, 739 F.3d at 682.  Because Williams presents no arguments as to why his complaint should not have been dismissed, we do not address the merits of his complaint.

Lastly, as Williams failed to object to the magistrate judge's report and recommendation, we conclude that he has waived the right to appeal on these grounds.

### IV.    CONCLUSION

For the reasons stated, we affirm the district court's order dismissing the complaint.

**AFFIRMED.**[1]

---

[1] To the extent that Williams seeks appointment of counsel, his motion is **DENIED** as he has presented no exceptional circumstances to warrant such relief.